UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) No. 16 CR 466 | |
| v. | ) | |
| | ) Hon. M. David Weisman | |
| GEORGE SWINFEN COTTRELL | ) | |

CR-16-879-PHX

## DETENTION ORDER

Upon the Motion of the United States of America, pursuant to Title 18, United States Code, Section 3142(e), to detain defendant before trial (and specifically to be removed to the District of Arizona in custody) on the grounds that he poses a serious risk of flight; having held a detention hearing pursuant to Title 18, United States Code, Section 3142(f), and received relevant evidence into the record; and having considered all of the factors provided under Title 18, United States Code, Section 3142(g); for all of the reasons stated in open court, it is the finding of the Court that the defendant poses a serious risk of flight, and there is no condition or combination of conditions that will reasonably assure the defendant's appearance in the District of Arizona.

In summary, weighing all of the factors to be considered under Title 18, United States Code, Section 3142(g), the Court finds that the defendant is a citizen of the United Kingdom and has no residency or family ties to the United States. The Court notes that the defendant is currently lawfully within the United States on a travel authorization visa that expires in October 2016. Further, the defendant has provided pretrial services with information about his residency in the United Kingdom that was contradicted by other evidence in the record. Specifically, defendant stated he resided with his parents, but defendant's father stated defendant lived at another location. The defendant has recently changed his name to, according to the defendant, distance his previous involvement in certain political activities in the United Kingdom. For the reasons stated on the record, the Court did not find defendant's explanation of his recent name change to be credible. Even if truthful, however, it is evidence of conduct suggestive of deception. Further, according to defense counsel, the defendant is facing a potential sentence of between two to three years' imprisonment on the charges pending against him in the District

of Arizona. Given this defendant's background, the Court finds that this potential penalty creates a significant incentive to flee. The defendant also appears to have a serious, years-long gambling problem, which inherently suggests a strong possibility of irrational risk taking. For these and other reasons stated on the record, the Court finds that the defendant poses a serious risk of flight.

The Court further finds that there are no set of conditions that can reasonably assure defendant's appearance in the District of Arizona. As previously mentioned, the defendant has no residency or family ties to the United States. The Court was provided with few specific facts as to how the defendant would travel to District of Arizona, and even fewer facts as to where defendant would stay when he got there. No family members appeared at the detention hearing for defendant. No bond was offered to be posted by defendant or defendant's family members (defense counsel stated at the hearing that defendant's family was willing to post-bond, but this was not communicated to the Pretrial Services Officer when she interviewed defendant's father). A potential third-party custodian was offered by the defense, but for the reasons stated on the record the Court was not satisfied that the proffered custodian could, even in combination with other conditions, reasonably assure the defendant's appearance in the District of Arizona. For these and other reasons stated on the record, the Court finds that no set of conditions can reasonably assure this defendant's appearance.

Pursuant to Title 18, United States Code, Section 3142(e), it is hereby ORDERED that that the defendant be DETAINED pending trial or other resolution of the pending charges, and removed to the District of Arizona IN CUSTODY. To the extent practicable, the defendant should be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody on appeal. It is further ORDERED that defendant be afforded reasonable opportunity for private consultation with counsel, and, on order from a court of the United States or request of an attorney for the Government, the defendant must be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

ENTER:

*M. David Weisman*
───────────────────────
M. David Weisman
United States Magistrate Judge

DATE: July 29, 2016