Michael D. Kimerer, #002492
KIMERER & DERRICK, P.C.
1313 E. Osborn Road, Suite 100
Phoenix, Arizona 85014
Telephone: (602) 279-5900
Facsimile: (602) 264-5566
mdk@kimerer.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>GEORGE COTREL,<br><br>Defendant. | Case No. 16-CR-0879-01-PHX-DJH<br><br>**DEFENDANT GEORGE COTREL'S SENTENCING MEMORANDUM**<br>"Defendant In Custody"<br><br>(The Honorable Diane J. Humetewa)<br><br>*REDACTED* |

Defendant, George Cotrel ("Cotrel"), by and through undersigned counsel, hereby submits this Sentencing Memorandum in advance of sentencing currently set for March 1, 2017, at 10:00 a.m. before the Honorable Diane J. Humetewa. This sentencing statement is more fully set forth in the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTUAL BACKGROUND**

Mr. Cotrel affirms the factual basis of his plea and agrees with the factual basis set forth in the presentence report. Mr. Cotrel has no objections or corrections to the factual basis provided to the Court in those documents.

## II. LEGAL ARGUMENT

This Court is well aware of the holding of *United States v. Booker*, 543 U.S. 220 (2005), as well as list of other cases that permit the Court to give consideration to the Federal Sentencing Guidelines as well as its ability to deviate from those Guidelines. *See also Kimbrough v. United States*, 552 U.S. 85, 101, 128 S. Ct. 558, 570 (2007)(Court does not abuse its discretion by imposing a sentence below the Guidelines where the Guidelines would yield a sentence "greater than necessary" to achieve the sentencing goals). It is also aware of considerations under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) and 18 U.S.C. § 3553. As such, this Sentencing Memorandum will not provide a detailed analysis of these cases and statutes.

### A. PLEA AGREEMENT

On December 19, 2016, Mr. Cotrel signed a plea agreement with the government where he plead guilty to Wire Fraud, a class c felony, in violation of 18 U.S.C. § 1343. The Government and Mr. Cotrel stipulated under the Plea Agreement that any prison sentence for Mr. Cotrel would not exceed the low end of the advisory sentencing range. The loss amount for purposes of sentencing is more than $15,000 but less than $40,000. Mr. Cotrel agrees to pay full restitution. The remaining accounts against Mr. Cotrel will be dismissed.

### B. SENTENCING GUIDELINE RANGE

Mr. Cotrel agrees with the Offense Level Computations set forth in the Presentence Report resulting in a Total Offense Level of 11 and an advisory

guideline range of 8 to 14 months in the Bureau of Prisons before consideration of any downward departures and without consideration of the § 3553 factors.

## C. P‍RESENTENCE R‍ECOMMENDATION

The Presentence Report recommends a sentence of 8 months, the bottom of the Guideline range, to be followed by a period of 1 year of supervised release following his discharge. In addition, it is requested that Mr. Cotrel pay $30,000 in restitution and a $100 fine.

## D. G‍OVERNMENT'S R‍ECOMMENDATION

The Government filed its recommendation on February 21, 2017. (Doc. 28). The Government is asking the Court to accept the plea agreement and sentence Mr. Cotrel to a term of 8 months in the Bureau of Prisons. The term of 8 months is at the low end of the advisory sentencing range.

## E. D‍EFENDANT'S S‍ENTENCING R‍ECOMMENDATION

Mr. Cotrel is requesting that this Court grant him a downward departure that would result in a sentence of time served. The Presentence Report notes that Mr. Cotrel has 222 days of presentence incarceration as of March 1, 2017. A sentence of 8 months under the Guidelines would result in Mr. Cotrel being incarcerated for no more than a few weeks after he is given credit for time served. Mr. Cotrel believes that a sentence to time served is an appropriate sentence. He is not a citizen of the United States and there is an ICE detainer on him.

Mr. Cotrel is asking for consideration of the § 3553 factors. In particular, he is asking this Court to look at the history and characteristics of the offender. The

primary directive in § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary" to meet the sentencing goals. 18 U.S.C. § 3553(a). █████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████

Mr. Cotrel has no criminal history. He was born in England. His father was a prominent businessman and his mother a homemaker. He has one sibling. He had lived in the United Kingdom his entire life. He came from a prominent family and had a good upbringing. By the age of 14, he was attending Malvern College away from his family except during holidays. ████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ████████████████████████████████████████████

5 ██████████████████████████ He is not likely to reoffend.

### F. CONCLUSION

Mr. Cotrel had lived a law-abiding life prior to this offense. ████████
████████████████████████████████████████████

████ Mr. Cotrel has accepted responsibility for his actions and has acknowledged that he knew it was criminal. He has shown remorse for his actions and a willingness to accept the consequences. Mr. Cotrel will have served 222 days in custody by the time of his sentencing. Mr. Cotrel is asking for leniency in a sentence that would sentence him to time served.

Based upon foregoing, Mr. Cotrel respectfully submits that a sentence of time served is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted this 28th day of February, 2017.

**KIMERER & DERRICK, P.C.**

/s/ Michael D. Kimerer
Michael D. Kimerer
Attorneys for Defendant Cotrel

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2017, I electronically filed the foregoing Defendant's Redacted Sentencing Memorandum using the ECF System and understand a copy will be electronically transmitted and/or emailed to:

Honorable Diane Humetewa
United State District Court Judge

Gary M. Restaino
James R. Knapp
U.S. Attorney's Office
2 Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
*Assistant United States Attorneys*

Susan D. Narkevich
*Senior U.S. Probation Officer*

By: /s/ Melissa M. Wallingsford